D. W. BATES, Superintendent of Banking, Receiver, Appellant,
v. LINN COUNTY SAVINGS BANK, et al., Appellees.

No. 44938.

JANUARY 16, 1940.

G. P. Linville, for appellant.

C. J. Lynch, for appellees.

BLISS, J.—Henry R. Lyman owned 77 shares of the capital stock of the Linn County Savings Bank of Center Point, Iowa, organized under the laws of the state of Iowa, with capital stock in the amount of $30,000, divided into 300 shares. On April 9, 1929, he conveyed these shares to one Newland, as shown by the stock transfer book of the bank. Lyman died testate leaving his property to his widow, Grace Lyman, three children and a grandchild, defendants. Executors of the will and estate were appointed on December 9, 1930, and at once qualified. The defendant bank closed its doors on December 30, 1930, and

on the following day it was adjudged insolvent, and the plaintiff was appointed its receiver. Plaintiff's petition herein in equity was filed October 27, 1938, alleging the matters above set out, and that the obligations of the bank would exceed its assets in an amount in excess of the capital stock, a large part of which indebtedness accrued during the time that decedent owned said stock. The petition further alleged that Newland was insolvent, and prayed for judgment and decree in the sum of $7,700 against the executors, and beneficiaries, and for a lien upon any assets in their possession.

The defendants challenged the sufficiency of the petition by a motion to dismiss it and for judgment, upon the following grounds:

"1. That the facts stated in said petition do not entitle the plaintiff to the relief demanded, or to any relief whatever, in that it appears upon the face of the petition that the cause of action therein alleged was fully barred before the bringing of this suit.

"2. That it affirmatively appears from the allegations of plaintiff's petition that if any cause of action ever arose in favor of the plaintiff, the same arose more than eight years prior to the bringing of this action, and was barred by the Statute of Limitations when this suit was instituted.

"3. That it is alleged in said petition that Linn County Savings Bank, Center Point, Iowa, was adjudged insolvent by decree of the District Court of Linn County, Iowa, on or about the 31st day of December, 1930; that this action was not instituted until October 27, 1938, and was not brought within the time limited by statute, and the alleged claim asserted by plaintiff was fully barred when the action was instituted. * * *

"4. That plaintiff's petition on its face shows that plaintiff is not entitled to the relief prayed, or to any relief whatever, in that the statutes of this state prescribe the procedure to be followed in determining the liability of stockholders of a bank, and provide that such liability is to be determined in a single action in which all interested parties must be brought into court, and a separate action cannot be maintained against the various stockholders, and, therefore, plaintiff has no right to maintain this action. That the action is not such an action or proceeding as is authorized or contemplated by statute.

"5. That from the allegations of said petition it affirmatively appears that the Estate of H. R. (Henry R.) Lyman, Deceased, was opened and the executors thereof qualified more than seven years prior to the bringing of this action, and the alleged claim herein sued upon is now barred by the non-claim statute.

"6. That the facts stated in plaintiff's petition show such laches and delay as to bar plaintiff from the right to any relief herein.

"7. It affirmatively appears from the allegations of plaintiff's petition that the 77 shares of stock therein referred to were transferred of record in April 1929; that H. R. Lyman died in September 1930; that his will was probated and the executors thereof qualified in December, 1930; that the bank was adjudicated insolvent and Receiver thereof appointed December 31, 1929, and as this action was not instituted until October, 1938, the alleged cause of action upon which relief is sought is barred by the general statute of limitations."

The motion was sustained generally, and upon plaintiff's election to stand upon his pleading judgment was entered against him.

Each side gives attention in argument to the various grounds of the motion. If one ground of the motion is good the judgment of the trial court must be sustained and it will not be necessary to pass upon the other grounds.

Recovery is sought by the plaintiff under section 9246 to section 9254, inclusive, of the 1935 Code of Iowa. All of these sections were repealed by the Forty-seventh General Assembly of Iowa, by chapter 219 of its laws, effective July 4, 1937. This chapter provides that any assessment liability referred to in said sections shall cease on and after July 4, 1937 "with respect to any shares of stock issued prior to December 1, 1933, and/or as to any shares issued at any time subsequent to said date in lieu of shares issued prior to said date, by any state incorporated banking institution and which shall be transacting the business of banking on July 4, 1937, providing nothing herein contained shall affect any claim now existing against said banking institution; providing further that all claims arising under or by reason of said sections shall become fully barred from and after January 1, 1938."

The 77 shares of stock upon which the suit is based were all issued several years prior to December 1, 1933. The petition in this suit asserting a claim and demanding recovery was not filed or the suit instituted until October 27, 1938, several months after the bar of the repealing law became effective. The judgment and decree appealed from is therefore affirmed. Our decision makes it unnecessary to pass upon appellees' motion to dismiss the appeal.—Affirmed.

HAMILTON, C. J., and MILLER, HALE, SAGER, OLIVER, and STIGER, JJ., concur.